UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11652 NG

AMERICAN-ARAB ANTI-　　　　　　　)
DISCRIMINATION COMMITTEE, et al., )
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　) CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
MASSACHUSETTS BAY　　　　　　　　)
TRANSPORTATION AUTHORITY,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendant　　　　　　　　)
　　　　　　　　　　　　　　　　　)

## AFFIDAVIT OF CYNTHIA QUENTIN BROWN

I, Cynthia Quentin Brown, on oath, depose and say the following:

1. I have lived in Jamaica Plain since 1966.

2. I ride the subway five days per week to and from work.

3. I am employed as a transcriptionist for North Shore Medical Transcription.

4. To get to work, I always take a bus to Back Bay, then take the Orange Line from Back Bay to Sullivan Square. I take the reverse route home.

5. I usually carry a purse and frequently bring another bag with me for carrying personal items and food.

6. On July 24, 2004, at the Sullivan Square Station, a MBTA Police officer boarded the subway car in which I was sitting. I was carrying a purse and a cloth bag.

7. The officer requested that I allow him to look in my bag. I refused. I pointed out that the officer could see an umbrella protruding from the bag and that it was lying flat.

8. The officer left without requiring me to allow him to examine my bag.

9. The officer did examine the bags of other passengers in the car.

10. On July 25, 2004, I boarded the subway at Back Bay Station to go to work, carrying only a purse. At Haymarket, an MBTA Police officer boarded my car and beginning at one end, began asking passengers to allow inspection of their bags.

11. The officer engaged in a manual inspection of the bags of the other passengers, including putting his hands into some of the bags.

12. I initially refused to allow the officer to inspect my bag. The officer told me I would have to leave the train and called for other officers to assist him.

13. One of the other officers who arrived took over speaking with me. He said that if I refused to allow an inspection of my bag, I would be escorted from the train and would have to leave the station. He advised me that if I remained on the platform, I would be subject to arrest.

14. I advised the officer that, in my opinion, I had a right to refuse permission for a search.

15. Eventually, because of the officer's insistence that I must open my bag or leave the train, I unsnapped the center snap on my purse and allowed the officer to look inside. I did not unzip the side compartments.

16. After looking in the center compartment, the officer left and allowed me to remain on the train.

17. On July 25, 2004, I boarded the train at Sullivan Square to return home from work. An MBTA Police officer boarded the train at Community College and began walking down the aisle as other passengers opened their bags for him to look inside.

18. I did not open my bag and was not requested to do so by the officer.

I declare under penalty of perjury that the foregoing is true and correct.

*Cynthia Quentin Brown*
Cynthia Quentin Brown

Date: July 26, 2004