**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ARAB ANTI-DISCRIMINATION COMMITTEE, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS BAY TRANSPORTATION AUTHORITY <br><br> Defendant. | **Civil Action No. 04-11652-GAO** |

**GOVERNMENT'S INITIAL RESPONSE TO**
**PLAINTIFF'S REQUEST TO MODIFY THE COURT'S**
**JULY 27, 2004 SEALING ORDER TO ALLOW THEM TO**
**RETAIN ONE COPY OF THE SEALED MATERIAL**

The United States Attorney's Office respectfully submits this initial response to the Plaintiffs' motion to modify the Court's July 27, 2004 Order that, inter alia, sealed the Affidavit of Lewis P. Best and attachments ("Best Affidavit") and ordered the return of all copies to Defendant's counsel. The United States Attorney's Office intends to file a further response by next Tuesday morning, August 3, 2004 and, in the interim, requests that the Court modify its order as described below. As a basis therefore, the Government states as follows:

1.   On July 26, 2004, Plaintiffs filed the instant case challenging the MBTA's policy of conducting security searches of handbags, briefcases, and other items carried by passengers on the MBTA's trains or buses on the basis of the Fourth Amendment proscription against unreasonable searches and seizures.

2.  On July 27, the Defendant MBTA filed its opposition to Plaintiffs' motion for a preliminary injunction. As part of its opposition, the MBTA filed and served the Best Affidavit. The U.S. Attorney's Office was not served with a copy of Defendant's papers as it was not a party to the lawsuit.

3.  The Court subsequently held a hearing later that day at which the request for immediate preliminary relief was narrowed to an injunction pertaining to searches on the MBTA's Orange Line and certain MBTA buses that traveled on Interstate 93. It was at that hearing that the U.S. Attorney's Office first learned of the Best Affidavit.

4.  After obtaining a copy of the Defendant's opposition papers from its counsel, and a preliminary consultation with the affected law enforcement agencies, the United States filed an ex parte motion for a sealing order later that day.

5.  The Court then issued an order stating that:

- the [Best Affidavit] be sealed pending further order of the Court;

- all parties in possession of these materials be enjoined from distributing or otherwise disseminating these materials in any format or manner until a final decision on the status of these materials is rendered by the Court; and

- all parties return copies of the materials to counsel for the MBTA.

6.  On July 28, 2004, the Court denied the Plaintiffs' request for injunctive relief and the press has reported that Plaintiffs would not appeal the order.

7.  Also, yesterday, July 28, 2004, Plaintiffs filed a motion requesting that the Court modify its July 27, 2004, Order to allow Plaintiffs to keep one copy of the Best Affidavit because they needed a copy in order to oppose the sealing order and because

some of the copies contain work-product notations.

8.      Today's Boston Globe reported Michael Avery, one of Plaintiffs' counsel, as stating "the [plaintiffs] will wait and see what the T does after the convention and possibly take fresh legal action of the policy continues."

9.      The United States Attorney's Office requests that it be permitted to file a formal response to Plaintiff's motion next Tuesday, August 3, which is well in advance of the normal two-week response time for such a motion.

10.     In the meantime, the United States Attorney's Office requests that the Court modify its July 27, 2004, order to state that all copies should be returned to the Court instead of the MBTA counsel by 5:00 p.m. today, or at such other time to be determined by the Court, pending a ruling on the Plaintiffs' motion. Such a modification alleviates the concerns raised by Plaintiffs concerning the disclosure of attorney-work product to the MBTA. The modification also strikes a balance between the government's substantial interest in protecting the documents, and the Plaintiffs' stated objectives for having the document, by maintaining the status quo until the Court decides the instant motion. In addition, the United States Attorney's Office requests that the Court modify its order to allow Plaintiffs to retain exhibits A and G to the Best Affidavit which appear to contain publicly available information.

WHEREFORE, the Government respectfully requests that the Court allow the

United States Attorney's Office to file a response by next Tuesday morning, August 3, 2004 and, in the interim, that the Court modify its order as described above.

                                            Respectfully submitted,

                                            UNITED STATES OF AMERICA

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                          By:    /s/Anton P. Giedt
                                            Jennifer C. Boal
                                            Anton P. Giedt
                                            Assistant U.S. Attorneys
                                            1 Courthouse Way
                                            Boston, MA 02210
                                            617-748-3309 (Voice)
                                            617-748-3971 (Fax)
                                            anton.giedt@usdoj.gov

### CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the above Notice by electronic mailing or first class, postage prepaid, upon all parties of record.

                                            /s/ Anton P. Giedt
                                            ANTON P. GIEDT
                                            Assistant U.S. Attorney

Dated:   July 29, 2004