UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ARAB ANTI-DISCRIMINATION COMMITTEE, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS BAY TRANSPORTATION AUTHORITY <br><br> Defendant. | Civil Action No. 04-11652-GAO |

**JOINT AGREEMENT OF THE PARTIES AND THE UNITED STATES TO RESOLVE ISSUES REGARDING SEALED MATERIALS**

Whereas on July 26, 2004, Plaintiffs filed the instant case challenging the Massachusetts Bay Transportation Authority's ("MBTA" or "Defendant") policy of conducting security searches of handbags, briefcases, and other items carried by passengers on the MBTA's trains or buses on the basis of the Fourth Amendment proscription against unreasonable searches and seizures;

Whereas on July 27, the Defendant filed its opposition to Plaintiffs' motion for a preliminary injunction. As part of its opposition, the Defendant filed and served the affidavit of Lewis P. Best, Sergeant Detective for the MBTA ("Best Affidavit"). The U.S. Attorney's Office was not served with a copy of Defendant's papers as it was not a party to the lawsuit;

Whereas after obtaining a copy of the Defendant's opposition papers from its counsel, and a preliminary consultation with the affected law enforcement agencies, the United States filed an ex parte motion for a sealing order later that day;

Whereas the Court then issued an order stating that:

- the [Best Affidavit] be sealed pending further order of the Court;

- all parties in possession of these materials be enjoined from distributing or otherwise disseminating these materials in any format or manner until a final decision on the status of these materials is rendered by the Court; and

- all parties return copies of the materials to counsel for the MBTA.

Whereas on July 28, 2004, Plaintiffs filed a motion requesting that the

Court modify its July 27, 2004, Order to allow Plaintiffs to keep one copy of the Best Affidavit; and

Whereas on July 29, 2004, the United States Attorney's Office filed an initial response opposing Plaintiffs' motion;

Now therefore, in order to resolve this matter, the Plaintiffs, Defendant and the United States hereby enter into the following agreement:

1. That counsel for the Plaintiffs will return all copies of the Best Affidavit in a sealed envelope to the Court (included with this filing).

2. That MBTA counsel will provide a revised Best Affidavit to the Court, Plaintiffs' counsel and the United States with Exhibits A, B, E, and G (included with this filing) (Exhibit F having been filed under seal originally).

3. That the United States will provide to the Court, Plaintiffs and the MBTA redacted versions of Exhibits C and D (included with this filing). The Parties have agreed that the redactions are appropriate and the redacted material is not relevant to the Plaintiffs' cause of action.

4. That the Parties and the United States have agreed that the original Best Affidavit and the copy returned to the Court by the Plaintiffs should remain under seal with the Court in accordance with the Court's order of July 27, 2004.

5. That the each of the parties and the United States shall bear their own fees, costs and expenses associated with the motion practice concerning the Best Affidavit.

6. That the United States' agreement herein should in no way be construed in anyway against it, including as an admission that the proper procedures were followed for obtaining information from federal law enforcement sources that was used in the original or revised Best Affidavit.

7. That the agreement herein should in no way be construed as an admission on the part of the MBTA that it failed to follow the proper procedures for obtaining the information from federal law enforcement sources that was used in the original or revised Best Affidavit.

Wherefore, the parties and the United States respectfully request that the Court endorse this agreement and that the Court order that the original Best Affidavit and the Plaintiffs' returned copy of the Best Affidavit remain under seal in this action.

Respectfully submitted,

| For the Plaintiffs, | For the Defendant, |
|---|---|
| *Michael Avery* BY: *signature* 7/30/04 | *Rudolph F. Pierce* BY: *signature* USAO 7/30/04 |
| Michael Avery | Rudolph F. Pierce |
| BBO# 024500 | BBO# 399380 |
| 120 Tremont Street | Laura E. D'Amato |
| Boston, MA 02108 | BBO# 641733 |
| 617-573-8551 | Goulston & Storrs |
|  | 400 Atlantic Avenue |
| *Howard Friedman* BY: *signature* USAO 7/30/04 | Boston, MA 02110 |
| Howard Friedman | 617-482-1776 |
| BBO# 180080 |  |
| J. Lizette Richards | For the UNITED STATES OF AMERICA |
| BBO# 649413 |  |
| Law Offices of Howard Friedman, P.C. | MICHAEL J. SULLIVAN |
| 90 Canal Street, 5th Floor | United States Attorney |
| Boston, MA 02114-2022 |  |
| 617-742-4100 | By: *signature* 7/30/04 |
|  | Jennifer C. Boal |
| *Jonathan Shapiro* BY: *signature* USAO 7/30/04 | Anton P. Giedt |
| Jonathan Shapiro | Assistant U.S. Attorneys |
| BBO# 546368 | 1 Courthouse Way |
| National Lawyers Guild | Boston, MA 02210 |
| Massachusetts Chapter | 617-748-3309 (Voice) |
| 14 Beacon Street | 617-748-3971 (Fax) |
| Boston, MA 02108 | anton.giedt@usdoj.gov |
| 617-227-7335 |  |

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                                                                              Boston, Massachusetts
                                                                                                          DATE: July 30, 2004

I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon Plaintiffs' and other counsel of record by first class mail.

*signature*
Anton P. Giedt
Assistant U.S. Attorney

3