FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 OCT -4  P 3: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

AMERICAN-ARAB ANTI-
DISCRIMINATION COMMITTEE,
NATIONAL LAWYERS GUILD,
CYNTHIA QUENTIN BROWN,
GABRIEL CAMACHO, TAREEF KAWA,
and DAN KESSELBRENNER,

     Plaintiffs,

v.

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.
04-CV-11652 (GAO)

## ANSWER OF DEFENDANT MBTA TO THE COMPLAINT

Defendant Massachusetts Bay Transportation Authority ("MBTA") hereby answers the Complaint of the Plaintiffs, American-Arab Anti-Discrimination Committee, National Lawyers Guild, Cynthia Quentin Brown, Gabriel Camacho, Tareef Kawa and Dan Kesselbrenner (the "Plaintiffs") as follows:

### I. INTRODUCTION

1. – 4.  No response is required to the first four (4) paragraphs of the Complaint, which merely purport to summarize the action and the legal positions of the Plaintiffs in this action.

### II. JURISDICTION AND VENUE

5.      No response is required to the allegations stated in Paragraph 5 of the Complaint, which merely purport to state legal conclusions.

6.    No response is required to the allegations stated in Paragraph 6 of the Complaint, which merely purport to state legal conclusions.

### III. PLAINTIFFS

7.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 7 of the Complaint.

8.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 8 of the Complaint.

9.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 9 of the Complaint.

10.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 10 of the Complaint.

11.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 11 of the Complaint.

12.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 12 of the Complaint.

### IV. DEFENDANT

13.    The MBTA admits only that it is a body politic and corporate and political subdivision of the Commonwealth of Massachusetts, established pursuant to G.L. c. 161A, §2.

### V. CLASS ALLEGATIONS

14.    No response is required to the allegations stated in Paragraph 14 of the Complaint, which merely purport to state legal conclusions.

GSDOCS-1409791-1

15.    No response is required to the allegations stated in Paragraph 15 of the Complaint, which merely purport to state legal conclusions.

## VI. FACTS

### A. The MBTA Policy

16.    The MBTA admits that it issued General Order No. 2004-19 on July 16, 2004. No response is required to the remaining allegations stated in Paragraph 16 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

17.    The MBTA admits that it commenced its Security Inspection Program on July 22, 2004.

18.    No response is required to the allegations stated in Paragraph 18 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

19.    No response is required to the allegations stated in Paragraph 19 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

20.    No response is required to the allegations stated in Paragraph 20 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

21.    No response is required to the allegations stated in Paragraph 21 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

22.    No response is required to the allegations stated in Paragraph 22 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

23.    The MBTA admits that all Security Inspections are to be conducted in accordance with General Order No. 2004-19, which speaks for itself.

24.    No response is required to the allegations stated in Paragraph 24 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

25.    The MBTA admits only that on or around June 22, 2004, MBTA Chief Joseph Carter stated that the Department was in the process of acquiring Electronic Scanning Devices and Explosive Detection Dogs.

26.    No response is required to the allegations stated in Paragraph 26 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

27.    The MBTA denies the allegations stated in Paragraph 27 of the Complaint.

28.    No response is required to the allegations stated in Paragraph 28 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

29.    No response is required to the allegations stated in Paragraph 29 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

30.    The MBTA denies the allegations stated in Paragraph 30 of the Complaint.

GSDOCS-1409791-1

## B. Plaintiff Cynthia Quentin Brown and the Policy As Applied

31.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 31 of the Complaint.

32.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 32 of the Complaint.

33.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 33 of the Complaint.

34.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 34 of the Complaint.

35.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 35 of the Complaint.

36.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 36 of the Complaint.

37.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 37 of the Complaint.

38.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 38 of the Complaint.

39.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 39 of the Complaint.  Further answering, the MBTA denies that it conducted on-board Security Inspections at the Sullivan Square Station.

40.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 40 of the Complaint.

GSDOCS-1409791-1

41.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 41 of the Complaint.

42.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 42 of the Complaint.

43.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 43 of the Complaint.

44.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 44 of the Complaint.

45.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 45 of the Complaint.

46.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 46 of the Complaint.

47.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 47 of the Complaint.

48.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 48 of the Complaint.

49.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 49 of the Complaint.

50.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 50 of the Complaint.

51.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 51 of the Complaint.

GSDOCS-1409791-1

52.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 52 of the Complaint.

53.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 53 of the Complaint.

54.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 54 of the Complaint.

55.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 55 of the Complaint.

56.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 56 of the Complaint.

57.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 57 of the Complaint.

58.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 58 of the Complaint.  Further answering, the MBTA denies that it conducted on-board Security Inspections at the Sullivan Square Station.

59.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 59 of the Complaint.

60.    The MBTA admits that, during the Democratic National Convention, MBTA police officers conducted Security Inspections of every passenger travelling on that portion of the MBTA Orange line that travels directly below the Fleet Center.  Such inspections were conducted while each train was stopped at either the Haymarket or Community College stations.

GSDOCS-1409791-1

61.    No response is required to the allegations contained in Paragraph 61 of the Complaint, which merely purport to characterize General Order No. 2004-19, which speaks for itself.

62.    The MBTA denies the allegations contained in Paragraph 62 of the Complaint.

63.    The MBTA denies the allegations contained in Paragraph 63 of the Complaint.

### C. Plaintiff Gabriel Camacho

64.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 64 of the Complaint.

65.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 65 of the Complaint.

66.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 66 of the Complaint.

67.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 67 of the Complaint.

68.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 68 of the Complaint.

69.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 69 of the Complaint.

70.    The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 70 of the Complaint.

GSDOCS-1409791-1

### D. Plaintiff Tareef Kawaf

71.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 71 of the Complaint.

72.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 72 of the Complaint.

73.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 73 of the Complaint.

74.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 74 of the Complaint.

75.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 75 of the Complaint.

### E. Plaintiff Dan Kesselbrenner

76.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 76 of the Complaint.

77.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 77 of the Complaint.

78.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 78 of the Complaint.

79.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 79 of the Complaint.

80.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 80 of the Complaint.

GSDOCS-1409791-1

81.     The MBTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 81 of the Complaint.

## VII.  CLAIM

82.     The MBTA repeats and incorporates by reference herein its answers to Paragraphs 1 through 81 of the Complaint.

83.     No response is required to the allegations contained in Paragraph 83 of the Complaint, which merely purport to characterize the United States Constitution, which speaks for itself.

84.     The MBTA denies the allegations contained in Paragraph 84 of the Complaint.

85.     The MBTA denies the allegations contained in Paragraph 85 of the Complaint.

86.     The MBTA denies the allegations contained in Paragraph 86 of the Complaint.

## VIII.  IRREPARABLE HARM

87.     No response is required to Paragraph 87 of the Complaint, which merely purports to state conclusions of law.

88.     No response is required to Paragraph 88 of the Complaint, which merely purports to state conclusions of law.

GSDOCS-1409791-1

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Plaintiffs lack standing to assert their claims.


WHEREFORE, the MBTA respectfully requests that this Court dismiss the

Complaint against it with prejudice, award it its costs, and grant such other and further

relief as the Court deems just and proper.

<div style="margin-left:40%;">

Respectfully submitted,

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY


Rudolph F. Pierce (BBO #399380)
Laura E. D'Amato (BBO# 641733)
GOULSTON & STORRS
A Professional Corporation
400 Atlantic Avenue
Boston, MA 02110
(617) 482-1776

</div>

Dated: October 4, 2004

GSDOCS-1409791-1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing document by causing a

copy thereof to be forwarded BY HAND to the following:

    Howard Friedman, Esq.
    J. Lizzette Richards, Esq.
    Jonathon Shapiro, Esq.
    Law Offices of Howard Friedman, P.C.
    90 Canal St., 5th Floor
    Boston, MA 02114

    Michael Avery, Esq.
    120 Tremont Street
    Boston, MA 02108

                                        Laura E. D'Amato

Dated: October 4, 2004

-12-